| | |
|---|---|
| DISTRICT COURT, COUNTY OF SUMMIT , STATE OF COLORADO<br><br>Address: 501 N. Park Avenue<br>           Breckenridge, CO 80424<br><br>Plaintiff: VICKIE HINTZ<br><br>Defendant:   RICHARD CUNNINGHAM, M.D.<br><br>Attorney:   John Astuno, Jr.<br>                 1290 Broadway #600<br>                 Denver, CO 80203<br>Phone:      303-861-7636<br>FAX:         303-861-4190<br>Atty Reg:   7545<br>johnastuno@earthlink.net | ▲   COURT USE ONLY   ▲<br><br>Case Number:<br><br>Div: |
| COMPLAINT AND JURY DEMAND | |

COMES NOW, the Plaintiffs through undersigned counsel and complains against the Defendant as follows:

### A. OVERVIEW

1. This is a medical negligence action. The Plaintiff's claims stem from surgery that was performed by the Defendant on March 18, 2015. Unfortunately, during this surgical procedure irreversible nerve damage was occasioned to the Plaintiff. More specifically, Defendant's surgical technique allowed for wire to pass through the peroneal nerve which occasioned to the Plaintiff significant injury, disability and damages. Also, Defendant failed, post operatively, to address the Plaintiff's nerve injury in a timely or reasonable manner thereby substantially reducing her opportunities to correct her nerve injury problem.

### B. IDENTITY OF THE PARTIES

2. At all times pertinent Vickie Hintz, hereinafter referred to as "Plaintiff" resided at her principal place of address as P.O. Box 1022, in the City of Silver Plume, County of Clear Creek, State of Colorado.

3. At all times pertinent Richard Cunningman, M.D. referred to as "Defendant" was and

is a practicing orthopedic surgeon having his principal place of practice located at 360 Peak One Drive, Suite 180, in the City of Frisco, County of Summit, State of Colorado.

### C.  VENUE

4.  Venue pursuant to Rule 98 C.R.C.P. is appropriate within the County of Summit as the acts and actions complained of herein occurred in the County of Summit, State of Colorado, and Defendant has his principal place of medical practice in the County of Summit, State of Colorado.

### D.  GENERAL ALLEGATIONS
(Negligence)

5.  On or about March 18, 2015, the Plaintiff took a fall while skiing, impacting a tree with her right upper leg.  This impact caused her to sustain a right mid-shaft femur fracture.

6.  On March 18, 2015, Defendant performed an open reduction procedure involving irrigation and debridement of the Plaintiff's right open comminuted and displaced femur fracture.

7.  Immediately following the surgical procedure the Plaintiff had significant and profound complaints; these complaints and concerns were compatible and ver consistent with a neurological injury.

8.  According to the operative note, No. 5 fibre wire sutures were utilized.  The operative note indicates that the sutures "were passed around the shaft of the distal femur carefully, being sure not entrap any soft tissues or neuro vascular structures."

9.  Unfortunately, that clearly appears not to have been the case.  And in fact, significant neurological damage was occasioned by Defendant's technique.

10.  Plaintiff had sharp burning pains following the surgery consistent with a serious nerve injury.

11.  She was seen by Defendant or one of his staff employees on multiple occasions post surgery including March 31, April 16, May 5, and May 27, 2015.

12.  Eventually, approximately three months following the original surgical procedure of March 18, 2015, she came under the care of a neurologist, Dr. Marc Treihaft.  Various tests were performed which allowed for the diagnosis of a right peroneal neuropathy.  Further, a needle EMG examination of the right leg revealed "complete denervation without reinnervation" and confirmed

the diagnosis of right peroneal neuropathy.

13.     Approximately four months following Defendant's surgery she was taken back for another surgery, performed by another orthopedic surgeon, Cr. Viola. In that surgical report dated July 23, 2015, the orthopedic surgeon noted: "There was what appeared to be No. 5 fiber Wire passing through the lateral aspect of the nerve in such a way that approximately 10% of the nerve was lateral to the suture and 90% medial."

14.     Unfortunately, by this time, over four months since the initial injury, so much time had elapsed that the neurological insult and injury sustained by the Plaintiff was permanent and incapable of being repaired.

15.     At all times pertinent the Defendant had a duty to provide reasonable and appropriate medical care to the Plaintiff.

16.     The Defendant breached that duty of reasonable care in one or more of the following particulars:

   a.   In performing a surgery on March 18, 2015, in such a fashion as to put wire sutures through a nerve or nerves;

   b.   In failing to identify and properly protect important anatomical structures - in this case a significant nerve;

   c.   In failing to pick up upon or act upon the Plaintiff's signs and symptoms following his surgery that she had most likely sustained a neurological injury;

   d.   In being far too dilatory in failing to timely assess and diagnose the Plaintiff's nerve injury following his surgery of March 18th;

   e.   In failing to timely assess or make timely and appropriate referrals to the Plaintiff for her neurological injury;

   f.   In being otherwise negligent and careless in the care and treatment he provided to the Plaintiff both intra operatively on March 18, 2015, and post operatively while Plaintiff was in the hospital and continued to see him or his representatives at subsequent office visits.

17.     That as a direct and proximate result of the negligence of Defendant the Plaintiff sustained serious and permanent neurological compromise and injury. Plaintiff's injury has substantially affected her and she has had a significant change in her lifestyle due to her permanent nerve injury. Plaintiff sustained permanent physical impairment, pain, and suffering. Moreover,

Plaintiff has in the past and will in the future incur substantial economic losses with respect to additional medical care and treatment required for her neurological injuries and impairment.

   WHEREFORE, Plaintiff prays for judgment against the Defendant in a sum reasonable, costs of this action, Interest at legal rate, expert witness fees, and for such other and further relief as this Honorable Court deems just and proper in the premises.

PLAINTIFF REQUESTS THAT THIS MATTER BE HEARD BY A JURY OF SIX (6) PERSONS.

               Respectfully submitted,

*Per Rule 121 signature on file in law office of John Astuno, Jr.*

                s/s John Astuno, Jr.
               John Astuno, Jr.

Address of Plaintiff:
P.O. Box 1022
Silver Plume, CO 80476